UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEISHA MAISHEA WATT,
        Plaintiff,                           CIVIL ACTION NO. 12-14430

      v.                                  DISTRICT JUDGE STEPHEN J. MURPHY III

                                          MAGISTRATE JUDGE MARK A. RANDON
COMMISSIONER OF
SOCIAL SECURITY,
        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS MOTIONS FOR SUMMARY JUDGMENT (DKT. NOS. 8, 12)**

Plaintiff Keisha Maishea Watt challenges the Commissioner of Social Security's ("the Commissioner") final denial of her benefits application. Cross motions for summary judgment are pending (Dkt. Nos. 8, 12). Judge Stephen J. Murphy III referred the motions to this Magistrate Judge for a Report and Recommendation (Dkt. No. 2).

**I.    RECOMMENDATION**

Because substantial evidence supports the Administrative Law Judge's ("ALJ") decision, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, the Commissioner's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

**II.    DISCUSSION**

      *A.    Framework for Disability Determinations*

Under the Social Security Act, (the "Act") Disability Insurance Benefits and Supplemental Security Income are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is disabled, the burden transfers to the [Commissioner]." *Preslar v. Sec'y of HHS*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.     *Standard of Review*

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited such that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial

evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses") (internal quotation marks omitted)). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, this Court is limited to an examination of the record and must consider that record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of HHS*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535. There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party") (internal quotation marks omitted). Further, this Court does

"not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509; *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant").

### III.    REPORT

#### A.    *Administrative Proceedings*

Plaintiff applied for supplemental security income on June 11, 2009, alleging she became disabled on June 11, 2009 (Tr. 19). After the Commissioner initially denied Plaintiff's application, she appeared without counsel for a video hearing before ALJ John Murdock, who considered the case *de novo*.[1] In a written decision, the ALJ found Plaintiff was not disabled (Tr. 19-26). Plaintiff requested an Appeals Council review (Tr. 14). On August 24, 2012, the ALJ's findings became the Commissioner's final administrative decision when the Appeals Council declined further review (Tr. 1-3).

#### B.    *ALJ Findings*

The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that she had not engaged in substantial gainful activity since her application date in June of 2009 (Tr. 21).

At step two, the ALJ found that Plaintiff had the following "severe" impairments: obstructive sleep apnea,[2] asthma, back pain, and obesity (Tr. 21).

At step three, the ALJ found that Plaintiff did not have impairments that met or medically equaled one of the listings in the regulations (Tr. 21).

---

[1] Plaintiff is now represented by counsel.

[2] "Obstructive sleep apnea is the cessation of breathing resulting from collapse or obstruction of the airway with the inhibition of muscle tone that occurs during REM sleep." *Dorland's Illustrated Medical Dictionary*, 118 (31st Ed. 2007).

Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform "sedentary work . . . except with no exposure to fumes, odors, gases, or hazards such as machinery or heights" (Tr. 22).

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a child care worker, kitchen worker, packer, stock clerk, or riveting clerk (Tr. 25).

At step five, the ALJ found Plaintiff was not disabled, because she could perform a significant number of jobs available in the national economy such as general office clerk, information clerk, stock handler, posting clerk, or security systems monitor (Tr. 26).

### C. Administrative Record

#### 1. Plaintiff's Hearing Testimony and Statements[3]

Plaintiff snores severely; often falls asleep "at the drop of a hat"; experiences swelling in her legs, ankles, and feet; and, has trouble with her memory (Tr. 34-35, 42-43). She uses a BiPAP machine to keep her heart rate and oxygen levels up when she sleeps (Tr. 38).[4] Plaintiff has undergone several surgical procedures: she had her tonsils removed; a deviated septum fixed;[5] and, tubes placed in her left ear to drain fluid that prevents her from hearing (Tr. 38-39). But, the procedures only reduced her snoring "a little bit" (Tr. 39).

---

[3] Plaintiff's testimony before the ALJ reflects her subjective view of her medical condition, abilities and limitations. It is set forth from Plaintiff's perspective; it is not a factual finding of the ALJ or this Magistrate Judge.

[4] BiPAP (bilevel positive airway pressure) is a form of "nocturnal ventilatory assistance . . . used to aid breathing during sleep. [The BiPAP] artificially inflate[s] the . . . lungs from various external sources that are applied directly to the face of body." *See* http://www.medicine.net.com/amyotrophic_lateral_sclerosis/page5.htm (last visited September 30, 2013).

[5] "The thin wall between the nostrils is made of cartilage and bone, and is called the septum. When this is off-center or crooked, it is called a deviated septum." *See* http://www.medicinenet.com/deviated_septum/article.htm (last visited September 30, 2013).

**2.     Vocational Expert**

The ALJ asked a vocational expert ("VE") to assume a hypothetical individual who, like Plaintiff, is 35 years old with a GED. The individual can perform sedentary work, but cannot be exposed to unusual fumes, odors, gases, hazardous machinery, or heights (Tr. 46). The VE testified that such an individual could perform work as a general office clerk, information clerk, stock handler, posting clerk, surveillance system monitor, or ticket checker (Tr. 46-47).

**D.     *Plaintiff's Claim of Error*[6]**

Plaintiff's overarching argument is that the hypothetical question to the VE did not accurately account for her limitations. In support of this claimed error, Plaintiff relies on her subjective limitations: she can only stand for one hour a day, cannot lift anything, would frequently miss work due to shortness of breath and her physical limitations, and walking exacerbates her pain.[7]

Plaintiff bears the burden to establish a prima facie case of disability. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). At step five, the burden then shifts to the Commissioner to show that Plaintiff has the capacity to perform work in the national economy. *Id*. This burden must be met with a finding supported by substantial evidence. *Parley v. Sec'y of HHS*, 820 F.2d

---

[6]Plaintiff implies that the ALJ erred in his application of the treating source rule; she refers to SSR 96-8, which states that an RFC must "always consider and address medical source opinions," alongside 20 C.F.R. § 404.1527(d)(2), emphasizing the proper weight to be given to treating source opinions (Dkt. No. 8 at pp. 8-9). Plaintiff also implies that the ALJ's credibility determination was incorrect (*Id.* at p. 10). But, Plaintiff fails to substantiate these arguments. Accordingly, this Magistrate Judge deems them waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones.").

[7]Plaintiff also argues that she cannot squat but this capability is not required for sedentary work.

777, 779 (6th Cir. 1987). Substantial evidence may be shown through reliance on a VE's testimony in response to a hypothetical question, as long as the question accurately describes Plaintiff's physical and mental impairments and takes Plaintiff's limitations into account. *Id*. at 779-80. Plaintiff's self-reported limitations may be used to establish disability in certain situations. *Young v. Sec'y of HHS*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Cagle v. Astrue*, 2012 WL 3201960, at *6 (E.D. Tenn. July 16, 2012):

> When a Plaintiff attempts to establish disability based on subjective complaints, she must provide objective medical evidence of an underlying medical condition that either confirms the severity of the alleged symptoms or indicates the condition reasonably could be expected to cause symptoms as severe as alleged. 20 C.F.R. § 404.1529; *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). If the objective medical evidence alone does not confirm the allegations of disabling symptoms, the ALJ must evaluate all other evidence to determine to what extent, if any, the alleged symptoms limit the claimant's work capacity. *See* 20 C.F.R. § 404.1529(c)(3). "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters*, 127 F.3d at 531.

Consultative examiner John Tofaute, M.D. examined Plaintiff on September 20, 2007 and found she was "limited" in her ability to stand (Tr. 190). But, while Plaintiff walked with a broad gait, she did not significantly limp or walk with an aid (Dr. Tofaute found Plaintiff did not need a walking aid). She could also do tandem heel and toe walking, and her lower extremities showed good overall alignment (Tr. 189). More recently, consultative examiner Samiullah Sayyid, M.D., found that while Plaintiff could not walk on her heels and toes, she could tandem walk; her stance, posture, and ambulation were normal; and, she did not use or need an ambulatory aid because of her weight (Tr. 258, 261).[8]

Sedentary work does not require a significant amount of standing or walking:

---

[8] Plaintiff was 6'1" and 350+ pounds (Tr. 258).

-7-

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a); *see also* SSR 96-9p:

> The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately [two] hours during an [eight]-hour workday. If an individual can stand and walk for a total of slightly less than [two] hours per [eight]-hour workday, this, by itself, would not cause the occupational base to be significantly eroded.

Based on Dr. Tofaute and Dr. Sayyid's findings regarding Plaintiff's ambulation, this Magistrate Judge finds substantial evidence supports the ALJ's finding that Plaintiff could perform the requirements of sedentary work, and his decision should not be disturbed on appeal.

Plaintiff also contends that she is at risk for injury due to sleepiness. On October 18, 2010, Summer C. Green, MPA stated "[Plaintiff] continues to experience excessive daytime sleepiness, severe apnea, severe periodic limb movements and severe snoring. This condition continues to leave [Plaintiff] at risk for at home or work related injury due to sleepiness" (Tr. 303). But – consistent with Emad Alatassi, M.D.'s recommendation that Plaintiff avoid driving or operating heavy machinery when drowsy (Tr. 211) – the ALJ's RFC for Plaintiff excepted exposure to hazards like machinery and heights (Tr. 22).

Finally, there is no evidence supporting Plaintiff's allegation that she cannot lift anything and would frequently miss work. As such, the ALJ's determination that Plaintiff can perform the lifting requirement of sedentary work (i.e., up to 10 pounds) should not be disturbed on appeal.

**IV.   CONCLUSION**

Because substantial evidence supports the ALJ's decision, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, the Commissioner's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                       s/Mark A. Randon
                                       Mark A. Randon
                                       United States Magistrate Judge

Dated: October 7, 2013

<u>***Certificate of Service***</u>

-10-

    *I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 7, 2013, by electronic and/or ordinary mail.*

    *s/Eddrey Butts*

    *Case Manager for Magistrate Judge Mark A. Randon*